UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANTHONY HERNANDEZ,

    Plaintiff,

v().                                                                   Case No: 5:24-cv-137-JSM-PRL

YOSVANY RODRIGUEZ, UNITED
PARCEL SERVICE, INC., COYOTE
LOGISTICS, LLC, and BIH EXPRESS,
INC.,

    Defendants.

## ORDER

This personal injury case comes before the Court on the Plaintiff's Fifth Motion to Compel Defendant United Parcel Service, Inc.'s Responses and Objections to Plaintiff's First Request to Produce ("Fifth Motion to Compel"). (Doc. 60). Plaintiff requests that the Court compel Defendant United Parcel Service, Inc., an Ohio corporation ("UPS Ohio"), to produce several documents relating to its role and involvement in the transportation cycle of the subject load at the time of the accident and its relationship with the co-defendants in this case. UPS Ohio filed a response in opposition to Plaintiff's Fifth Motion to Compel, stating that it would timely produce various documents in response to Plaintiff's Third Request for Production[1] (which seeks many of the same documents covered by the Fifth Motion to Compel) and therefore render moot Plaintiff's Fifth Motion to Compel. (Doc. 68 at pp. 10-

---

[1] Notably, Plaintiff filed the Fifth Motion to Compel on November 14, 2024 (Doc. 60), and then only five days later, on November 19, 2024, Plaintiff served UPS Ohio with the Third Request for Production (Doc. 68-2), which as noted, seeks many of the same documents covered by the Fifth Motion to Compel.

12). Given that the deadline for UPS Ohio to respond to Plaintiff's Third Request for Production has now passed, it is unclear whether Plaintiff's Fifth Motion to Compel directed to UPS Ohio is now moot.

Accordingly, on or before **February 13, 2025**, Plaintiff's counsel is **directed** to confer with UPS Ohio's counsel in a good faith effort to resolve the issues in Plaintiff's Fifth Motion to Compel. If issues remain in dispute, Plaintiff's counsel should confer with UPS Ohio's counsel either in person or via telephone, and specifically discuss each and every discovery request that remains in dispute. Plaintiff's counsel shall then file a written notice on or before **February 19, 2025**, advising the Court as to whether and to what extent Plaintiff's Fifth Motion to Compel directed to UPS Ohio requires resolution by the Court.

Moreover, the Court takes note of UPS Ohio's Local Rule 3.01(g) concerns raised in its response in opposition to Plaintiff's Fifth Motion to Compel. (Doc. 68 at pp. 8-10). Local Rule 3.01(g) provides that "[b]efore filing a motion in a civil action, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, or to certify a class, the movant must *confer* with the opposing party in a *good faith effort* to resolve the motion." *See* M.D. Fla. Local Rule 3.01(g) (emphasis added); Middle District Discovery (2021) at Section I.A.2 (noting Local Rule 3.01(g) is strictly enforced, and defining "confer" in Local Rule 3.01(g) as a "substantive discussion," in which "[m]any potential discovery disputes can be resolved []or the differences narrowed or clarified[] when counsel confer in good faith); *Davis v. Apfel*, No. 6:98-CV-651-ORL-22A, 2000 WL 1658575, at *2 n.1 (M.D. Fla. Aug. 14, 2000) (construing "confer" in Local Rule 3.01(g) to mean "speak[ing] to each other in person or by telephone, in a good faith attempt to resolve disputed issues"). The purpose of the Middle District's Local Rule 3.01(g) "is to require the parties to communicate and resolve certain

types of disputes without court intervention." *See Desai v. Tire Kingdom, Inc.*, 944 F. Supp. 876, 878 (M.D. Fla. 1996).

The Court expects counsel to comply with both the letter and spirit of Local Rule 3.01(g). The parties have exchanged many emails in this case but did not specify that they ever spoke in person or by telephone to resolve the disputed issues in the Fifth Motion to Compel.

The parties are also reminded that "[d]iscovery in this district should be practiced with a spirit of cooperation and civility. The district's attorneys and the Court are justifiably proud of the courteous practice that is traditional in the Middle District." *See* Middle District Discovery (2021) at Section I.A.1. Cooperation, courtesy, civility—these ideals should be strived for by all parties, even the parties here, on both an individual and a collective basis. Being cooperative, courteous, and civil doesn't mean that parties can't be adversarial or the attorneys anything less than zealous advocates. The parties are encouraged to consider the principles discussed in this Order as they attempt to resolve the issues raised by Plaintiff in the Fifth Motion to Compel.

**DONE** and **ORDERED** in Ocala, Florida on February 3, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties